

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODNEY JENKINS WELLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-3022** |
| **ORLEANS PARISH PRISON CRIMINAL SHERIFF'S OFFICE, <u>ET</u> <u>AL</u>** | **SECTION "D" (5)** |

### REPORT AND RECOMMENDATION

**BACKGROUND**

This *pro se* and *in forma pauperis* complaint (rec. doc. 1) was originally filed by plaintiff, Rodney Jenkins Wells, while he was incarcerated in Orleans Parish Prison ("OPP").[1] Plaintiff complained that he "was subjected to deliberate indifference when [he] slip[ped] and fell from a leak from a continous [sic] water flow from a sink." As a result of his slip and fall accident, plaintiff claimed that his back was injured. Shortly thereafter, the undersigned magistrate judge issued a Report and Recommendation (rec. doc. 3) recommending that plaintiff's action be dismissed without prejudice due to plaintiff's failure to exhaust his administrative remedies as required under 42 U.S.C.

---

[1] Since the filing of this action, plaintiff has been transferred from OPP. He is presently at the Bridge House, 1160 Camp Street, New Orleans, Louisiana.



§ 1997e.[2] In connection with his "Objection" (rec. doc. 9) to the magistrate judge's Report and Recommendation, plaintiff submitted to the district judge documentation reflecting that he had, in fact, exhausted OPP's three-step administrative remedy process with respect to grievance #521709. Accordingly, the district court ordered (rec. doc. 10) that the matter, as it related to "Grievance #521709", be remanded to the magistrate judge for disposition.

Following the district court's remand, the magistrate judge issued a Briefing Order (rec. doc. 18) directing, in part, that plaintiff submit a written statement of facts. Further, the magistrate judge ordered (rec. doc. 28) that a preliminary conference be conducted. The applicable facts, based upon a reading of plaintiff's statement of facts (rec. doc. 22), along with his version of events as provided at the preliminary conference (rec. doc. 29), are set forth below.

On November 9, 2003, as a result of an ink pen being shoved into the sink faucet in his cell, hot water spurted out of the water pipe, showering the cell with water. Upon attempting to get out of bed, plaintiff slipped, hitting his back on the sink. Shortly thereafter, the maintenance department, specifically, "Mr. Hoffman, Head of Maintenance", was called to the scene "to fix the problem"[3] and plaintiff was taken, via wheelchair, to the prison infirmary.

At the infirmary, plaintiff was examined by Dr. Dileo who "took a 'look at [plaintiff's] back

---

[2]In the Report and Recommendation, it was acknowledged that plaintiff had filed two administrative grievances, #521709 and #524383, with respect to his slip and fall accident. However, plaintiff failed to submit documentation reflecting that he had completed all three of the steps comprising OPP's administrative grievance procedure.

[3]*See* rec. doc. 22, plaintiff's Statement of Facts, page 2, paragraph 7.

and told [him] he ... [might] have a pinched nerve.'"[4] Thereafter, rather than taking x-rays, as plaintiff contends he should have done, Dr. Dileo prescribed medication and released plaintiff. A subsequent MRI, performed at Charity Hospital at the request of a different physician, revealed that plaintiff had a ruptured disc. In connection with this ruptured disc, plaintiff, approximately one year later, underwent back surgery at Charity Hospital.[5]

In his original Complaint, plaintiff named as defendants the "Orleans Parish Prison Criminal Sheriff's Office", the "Maintenance Department", and the "Medical Department", along with "John Doe I", "John Doe II" and "John Doe III". In his Amended Complaint (rec. doc. 30), plaintiff identified "John Doe I" as "Charles Foti/Marlin N. Gusman", "John Doe II" was identified as "Mr. Hoffman, Head of Maintenance", and "John Doe III" was "Doctor Dilio".

## ANALYSIS

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds by Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to

---

[4]*See* rec. doc. 29, page 3.

[5]*See* rec. doc. 22, page 3, paragraphs 12, 14 and 15; page 4, paragraph 17.

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); *Booker*, 2 F.3d at 116. Under the broadest reading of his complaint,[6] plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

The law is clear that there is no constitutional remedy for injuries caused by negligence on the part of prison officials. *See Daniels v. Williams*, 474 U.S. 327, 336, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986). A constitutional violation does not arise absent a showing that plaintiff was subjected to "conditions posing a substantial risk of serious harm,'" and that there was "deliberate indifference" on the part of prison officials to plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). "Deliberate indifference," in turn, cannot be shown "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

In the instant matter, plaintiff makes no showing of "deliberate indifference" on the part of prison officials. There is nothing to suggest that either Charles Foti or Marlin Gusman, depending

---

[6] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

upon which one was the Orleans Parish Criminal Sheriff at the time of plaintiff's accident, knew of the alleged risk posed by the plugged sink faucet in plaintiff's cell. Similarly, there is nothing to suggest that defendant Hoffman, the head of maintenance, knew of the plumbing problem prior to plaintiff's accident.

Additionally, a state actor generally may be liable under § 1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F. 2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F. 2d 120 (5th Cir. 1980). Respondeat superior is not a legal theory under which liability can be visited on supervisory personnel such as Sheriff Foti and/or Sheriff Gusman. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). There is no evidence to suggest that either the former criminal sheriff, Charles Foti, or the present criminal sheriff, Marlin Gusman, was personally involved or played a role in the plumbing malfunction which ultimately led to plaintiff injuring his back.

With regard to plaintiff's complaint regarding the medical care he received from Dr. Dileo, such a claim is actionable under § 1983 only if Dr. Dileo was deliberately indifferent to plaintiff's serious medical needs. *See Hare v. City of Corinth*, 74 F.3d 633, 648-49 (5th Cir. 1996); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997), citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton*, 122 F.3d at 291. "'Subjective recklessness,' as used in the criminal law, is the appropriate test for deliberate

indifference." *Id.* (citing *Farmer*, 511 U.S. 838-40, 114 S. Ct. 1980)).

The fact that plaintiff disagreed with the course of medical treatment he received from Dr. Dileo, believing that Dr. Dileo should have taken x-rays rather than simply examining plaintiff before concluding that plaintiff could possibly be suffering from a pinched nerve, does not state a claim for indifference to medical needs. *Norton*, 122 F.3d at 291, citing *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). Alleged malpractice and/or negligent treatment do not rise to the level of a constitutional tort. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Additionally, plaintiff's complaint that he "had to wait months for a[n] appointment to the [Charity] specialty clinics" and that his back surgery, performed at Charity a year later, "was put off 3 times", is not actionable under § 1983.[7] In order for an allegation of delayed medical treatment to state a viable § 1983 claim, the delay must have been caused by deliberate indifference and resulted in substantial harm to the plaintiff. *See Mendoza*, 989 F.2d at 193 (5th Cir. 1993).

There is nothing in the record to suggest that the delays experienced by plaintiff were attributable to deliberate indifference on the part of Dr. Dileo or any other member of OPP's medical staff. Based upon its experience adjudicating prisoner medical complaints, this court takes judicial notice of the fact that there is often a significant lag time between the time a prisoner is referred to Charity for the purpose of undergoing testing or an operation, and the date the prisoner is transported to Charity in connection with the referral. This lag time is generally

---

[7]*See* rec. doc. 22, page 3, paragraph 15.

attributable not to any deliberate indifference on the part of prison officials, but rather, to a high demand for these services, along with the inherent security problems associated with the transporting of prisoners in and out of a correctional facility.

Finally, the court notes that while plaintiff, in his amended complaint, named particular persons as defendants, in his original complaint he named as defendants the following entities: The Orleans Parish Prison Criminal Sheriff's Office, the Orleans Parish Prison Maintenance Department, and the Orleans Parish Prison Medical Department. Section 1983 of the United States Code, Title 42, provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

None of the above-listed entities can be considered to be "person[s]" capable of being sued under § 1983. *See generally Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989). Therefore, plaintiff's claims against OPP's sheriff's office, maintenance department and medical department should be dismissed as frivolous. *See also Darby v. Pasadena Police Department*, 939 F. 2d 311, 313-14 (5th Cir. 1991); *Harrell v. Dallas County Sheriff's Department*, 1997 WL 118421, *1 (N.D. Tex. 1997) (county or parish subdivisions, such as a sheriff's office or governing council, lack the capacity to sue or be sued). Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that plaintiff's Section 1983 claims be **DISMISSED WITH**

**PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 2nd day of Dec, 2005.

```
                            _____
                                    ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE
```